UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23805-CIV-GAYLES/TURNOFF

LA LEY RECOVERY SYSTEMS-OB, INC.,

    Plaintiff,

v.

BLUE CROSS & BLUE SHIELD OF
FLORIDA, INC.,

    Defendant.
    _____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss [ECF No. 4], Plaintiff's Motion to Remand [ECF No. 9], and Defendant's Motion to Transfer [ECF No. 10]. The Court has considered the parties' written submissions, applicable law, and the argument by counsel at the October 29, 2014, Status Conference.

## BACKGROUND

This action is one of many Plaintiff La Ley Recovery Systems-OB, Inc. ("Plaintiff") has brought on behalf of Dr. Olivio Blanco ("Dr. Blanco") and Whole Health Chiropractic Clinic (the "Clinic") against several insurance companies, including Blue Cross & Blue Shield of Florida, Inc., United Healthcare Insurance Company and Aetna Health Insurance Company. In all of the actions, Dr. Blanco provided chiropractic and/or other services to patients under a self-funded ERISA plan. Prior to treating the patient, Dr. Blanco's staff would contact the insurer to receive approval for treatment and would submit an electronic claim form to the insurer indicating that the patient assigned his or her benefits under the ERISA plan to Dr. Blanco and the Clinic. Plaintiff alleges that the insurance companies failed to pay and/or failed to fully pay for the patient's treatment. Dr. Blanco and the Clinic assigned its rights to Plaintiff – essentially a collection company – to pursue

claims against the insurance companies. Plaintiff proceeded to file individual complaints against the insurance companies in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting claims for breach of contract, breach of oral agreement, breach of implied contract, quantum meruit, open account and account stated. Plaintiff, in this action and several others, has amended its complaint to include claims for fraud and promissory estoppel.

In this particular action, Defendant Blue Cross and Blue Shield filed notice of removal on October 15, 2014, asserting the Court has jurisdiction because ERISA completely preempts Plaintiff's state law claims. On October 26, 2014, Plaintiff moved to remand. Defendant has also moved to dismiss based on ERISA preemption. Plaintiff did not respond to the Motion to Dismiss, but rather, filed its Amended Statement of Claim [ECF No. 7].

## **DISCUSSION**

The Court must determine whether this action is properly in federal court and, if so, whether Plaintiff's action must be dismissed.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Courts must strictly construe the requirements of removal jurisdiction

and remand all cases in which jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). There is, however, an "independent corollary" to the well-pleaded complaint rule known as "complete preemption," which creates federal-question jurisdiction when the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 393 (quoting *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)); *see also Butero v. Royal Maccabees Life Ins., Co.,* 174 F.3d 1207, 1211-12 (11th Cir. 1999). The Court looks at the plaintiff's complaint at the time of removal to determine jurisdiction. *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). The Court may also review evidence outside of the removal petition as long as it relates to the time of removal. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945 (11th Cir. 2000)("[T]here is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition.").

## I. ERISA PREEMPTION AND SUBJECT MATTER JURISDICTION

ERISA provides for two types of preemption: 1) express or defensive preemption under § 514 and 2) complete or "super" preemption. Complete preemption is based on a claim's conflict with the remedial scheme set forth in ERISA § 502(a). *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009); *see also Gonzalez v. Wells Fargo Bank, N.A.*, No. 12-CV-80937, 2013 WL 5435789 (S.D. Fla. Sept. 27, 2013). Section 502(a)(1)(B) permits a "participant or beneficiary" to bring a civil action:

3

>   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . .

29 U.S.C. § 1132(a).

In *Aetna Health v. Davilla*, 542 U.S. 200, 210 (2004), the Supreme Court set forth a two-part test for ERISA complete preemption: 1) whether plaintiff could have brought its claim under ERISA and 2) whether no other legal duty supports the plaintiff's claim. A claim must meet both parts for complete preemption. *Gonzalez*, 2013 WL 5435789, at *10.

### A. PLAINTIFF COULD HAVE BROUGHT ITS CLAIMS UNDER ERISA

The first part of the *Davila* inquiry is whether Plaintiff "could have brought its claim under ERISA § 502(a)(1)(b)." *Davila,* 542 U.S. at 210. Plaintiff's claims satisfy this test if a) Plaintiff has standing to sue and b) Plaintiff's claims fall within the scope of ERISA. *See Connecticut State Dental*, 591 F.3d at 1350.

#### 1. Standing

A "participant or beneficiary" may bring an ERISA claim. 29 U.S.C. § 1132(a)(1). Healthcare providers typically are not considered beneficiaries and therefore have no standing to sue under ERISA. *See Borrero v. United HealthCare of New York, Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010). However, providers, such as Dr. Blanco, may have standing if they attempt to "derivatively assert the rights of their patients as beneficiaries of an ERISA plan." *Id.* Providers have standing to sue derivatively if a patient with standing to sue under ERISA assigns his or her claims to the provider. *Id.* "To sue derivatively, the provider must have obtained a written assignment of claims from a patient with standing to sue under ERISA." *Id*. at 1302 (citing *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001)).

4

In *Hobbs*, the Eleventh Circuit held that a provider had no standing when there was no evidence of an assignment. *Hobbs*, 276 F.3d at 1241. Plaintiff argues that Dr. Blanco never received a written assignment from the patient whose claims are at issue in this action and, therefore it has no standing under ERISA. The Court disagrees. The record reflects that Dr. Blanco submitted electronic claim forms to Blue Cross indicating that he received an assignment from his patient. *See* [ECF No. 1-3]. The Eleventh Circuit in *Connecticut State Dental Assoc.*, held that claim forms authorizing payment of patient's benefits to the provider "suffice to show an assignment of benefits by" the provider's patients. 591 F.3d at 1351; s*ee also Borrero*, 610 F.3d at 1301 (finding similar claim form sufficient to confer standing on providers).

Plaintiff attempts to circumvent ERISA by pleading that it never received an assignment from the patient and that Dr. Blanco is pursuing the claims in his own right and not through any derivative rights. Plaintiff's attempts are identical to those pursued by the Plaintiff in *Borrero* and rejected by the Eleventh Circuit:

> Appellants' complaints contend generally that "this action does not otherwise seek benefits or remedies under [ERISA.]" But our above analysis indicates that the factual allegations raise precisely the type of ERISA determinations that trigger complete preemption and convert the otherwise state law claims into federal claims.

*Id.* at 1303. *See also Gables Insurance Recovery v. United Healthcare Ins. Co.,* No. 13-CV-21157, 2013 WL 9576688 at *7 (S.D.Fla. Aug. 8, 2013) ("[Plaintiff's] repudiation of rights is plainly controverted by [Plaintiff's] own Complaint. . . . Moreover, if [Plaintiff] did not have standing to sue, it could not recover the payment it seeks in the present lawsuit."); *La Ley Recovery Systems-OB, Inc. v. Aetna Health Ins. Co.*, Case No. 14-22773-CIV-ALTONGA [ECF No. 28]; *La Ley Recovery Systems-OB, Inc. v. UnitedHealthCare Ins. Co.,* Case No. 14-22919-CIV-COOKE [ECF No. 22]; *La Ley Recovery Systems-OB, Inc. v. Blue Cross & Blue Shiled of Florida, Inc.*, 14-23303-CIV-COOKE [ECF No. 23].

5

### 2. Scope

The Court must also determine whether Plaintiff's claims fall within the scope of ERISA §502(a). There are two types of claims that providers make against insurers: those challenging "rate of payment" and those challenging "right of payment." *Borrero,* 610 F.3d at 1302. Rate of payment claims challenge the amount of payment for a particular service. Right of payment claims challenge non-payment because the insurer denied the services altogether, often because insurer deemed the services not medically necessary or experimental. Right of payment claims fall within the scope of ERISA. Rate of payment claims do not. *Id. See also Connecticut State*, 591 F.3d at 1352; *Gables*, 2013 WL 9576688 at *3. In addition, the Eleventh Circuit has found that hybrid claims – challenging both the rate of payment and the right to payment – still fall within the scope of ERISA under the *Davilla* complete preemption analysis. *See Connecticut State Dental,* 591 F.3d at 1352; *Borrero*, 610 F.3d at 1303.

In its original complaint, Plaintiff alleges that "[n]either Plaintiff nor Dr. Olivio Blanco, Jr. has received payment and/or complete payment for the medical services provided to the patient and Defendant has not made payment or a complete payment, explained or justified the reason for its non-payment and/or reduced payment." Statement of Claim ¶ 27. Based on this language, Plaintiff is making a right of payment and/or hybrid claim and is therefore within the scope of ERISA.

### B. DOES ANY OTHER LEGAL DUTY SUPPORT PLAINTIFF'S CLAIMS?

To satisfy the second prong of the *Davila* test, Defendant must show that Plaintiff's claim is not founded on an independent legal duty. "Any determination of benefits under the terms of a plan, i.e., what is medically necessary or a Covered Service – does fall within ERISA." *Lone Star Ob/Gyn Assoc. v. Aetna*, 579 F.3d 525, 531 (5th Cir. 2009); *Gables*, 2013 WL 9576699, at *7. If the right to payment derives from the plan as opposed to another independent legal duty, then the resolution of

the dispute requires an interpretation of the plan and is therefore dependent on the ERISA plan. *See Gables,* 2013 WL 9576699, at *8; *see also Montegiore Med. Ctr v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011)(finding no independent legal duty where medical provider called to verify coverage). "Because at least some of the allegations are dependent on ERISA, those claims are completely preempted and federal question jurisdiction exist." *Borrero*, 610 F.3d at 1305. The heart of Plaintiff's claims are based on and require an interpretation of the ERISA plan. Therefore, the Court finds no independent legal duty.

Based on the foregoing, the Court finds ERISA completely preempts Plaintiff's claims and this Court has subject matter jurisdiction.

## II.    MOTION TO DISMISS

The Court's finding that ERISA completely preempts Plaintiff's claims converts Plaintiff's action into an ERISA action and makes dismissal at this time inappropriate. *See Gables,* 2013 WL 9576688 at *3. Plaintiff has failed, however, to exhaust its administrative remedies under ERISA. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217 (11th Cir. 2008)("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court.")(quoting *Bickley v. Caremark Rx,* 461 F.3d 1325, 1328 (11th Cir. 1997)). Accordingly, the Court shall stay the case to allow Plaintiff to properly pursue any administrative remedies under ERISA.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion to Remand [ECF No. 9] is **DENIED;**

2. Defendant's Motion to Dismiss [ECF No. 4] is **DENIED** without prejudice;

3. Defendant's Motion to Transfer [ECF No. 10] is **DENIED**;

4. This action is **STAYED** to allow Plaintiff to pursue administrative remedies; and

5. This case shall be **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
All Counsel of Record